# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRIAN DUGGER, an individual,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**TRINITY BROADCASTING NETWORK, a business entity; PAUL CROUCH, JR., an individual; and DOES 1 through 50, Inclusive,**<br><br>    **Defendants.** | **CASE NO. SACV 09-0290 AG (RNBx)**<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND, FIFTH, AND SEVENTH CLAIMS FOR RELIEF AND TO DISMISS ALL CLAIMS AS TO PAUL CROUCH, JR.** |

Plaintiff Brian Dugger ("Plaintiff") sued defendants Trinity Broadcasting Network, Inc. ("TBN") and Paul Crouch, Jr. ("Crouch") (collectively "Defendants") for, among other claims, employment discrimination based on sexual orientation. This motion to dismiss (the "Motion") depends primarily on whether TBN is a religious corporation and thus exempt from the provisions of the California Fair Employment & Housing Act ("FEHA"), § 12900 *et seq.* After reviewing the parties' arguments, the Court concludes that at this stage, TBN has not submitted sufficient evidence to show that it is a religious corporation. For this and other reasons, the Court DENIES the Motion.

# BACKGROUND

Except where otherwise noted, the facts in this section are taken from the Complaint, and for the purposes of this Motion, the Court accepts them as true.

Plaintiff worked for TBN. (Compl. ¶ 7.) Crouch was Plaintiff's direct supervisor. (*Id.* ¶ 28.) After becoming aware of Plaintiff's sexual orientation, Crouch harassed Plaintiff, including among other actions telling him to quit being "gay" and act more "straight," telling him the pictures on his personal website made him appear "really gay," telling him to "pursue sexual relations with women instead of men," saying he had a "mangina," and emailing him pornographic pictures. (*Id.* ¶¶ 12, 14, 15, 16.) Because of Plaintiff's sexual orientation, Crouch and others "depriv[ed] Plaintiff of promotions, raises, and responsibility," demanded that he "engage in unlawful and fraudulent acts," and orchestrated "a sham independent contractor relationship in order to avoid being connected with Plaintiff." (Id. ¶ 17.)

Plaintiff sued, alleging the claims for relief numbered as follows: (1) indemnification under Labor Code § 2802, against all Defendants; (2) discrimination in violation of the FEHA, against all Defendants; (3) declaratory relief, against TBN; (4) discrimination in violation of Title VII of the Civil Rights Act of 1964, against TBN; (5) wrongful termination in violation of public policy, against all Defendants; (6) unlawful business practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq.,* against all Defendants; and (7) violation of the Unruh Civil Rights Act ("UCRA"), against all Defendants.

Defendants filed this Motion, moving the Court to dismiss all claims as to Defendant Crouch, and Plaintiff's second, fifth, and seventh claims as to Defendant TBN.

# ANALYSIS

## 1. CLAIMS AGAINST CROUCH

Plaintiff brings his first, second, fifth, sixth, and seventh claims against Crouch and TBN. Defendants urge the Court to dismiss these claims as to Crouch. Defendants develop arguments in their Reply that they do not develop in the Motion. Because these arguments are not developed in the Motion, Plaintiff does not have sufficient opportunity to address them in his Opposition, which raises due process concerns. The Court DENIES Defendants' motion to dismiss Plaintiff's first, second, fifth, sixth, and seventh claims against Crouch. If Defendants wish to do so, they may file a separate motion to dismiss the claims against Crouch.

## 2. TBN'S REQUEST FOR JUDICIAL NOTICE

Defendants submitted a request for judicial notice and a supplemental request for judicial notice, attaching evidence which they purport establishes TBN's status as a religious nonprofit corporation. The Court finds that, based on the record in this case, it is best not to consider this matter in this Motion.

Under the FEHA, a "religious corporation" is "any corporation formed under, or otherwise subject to, Part 4 (commencing with Section 9110) or Part 6 (commencing with Section 10000) of Division 2 of Title 1 of the Corporations Code . . . ." Cal. Govt. Code § 12926.2(a). Defendants submitted certified documents that TBN filed its original Articles of Incorporation in 1973 and that TBN filed amended articles changing its name to Trinity Christian Center in 1987. (Pl.'s Supp. Request for Judicial Notice.) Defendants filed additional documents that included a letter from the Internal Revenue Service confirming the TBN's tax-exempt status. (Request for Judicial Notice Ex. B.)

Defendants' evidence is not admissible at this stage. The Court DENIES Defendants' request for judicial notice.

3

### 3. PLAINTIFF'S SECOND CLAIM FOR DISCRIMINATION IN VIOLATION OF THE FEHA

Religious corporations are excluded from being "employers" under the FEHA. Cal. Govt. Code § 12926.2(d). As explained in Section 2, TBN has not submitted sufficient evidence that it is a religious corporation under the FEHA. Thus, the Court DENIES the Motion as to Plaintiff's second claim.

### 4. PLAINTIFF'S FIFTH CLAIM FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

Plaintiff's claim for wrongful termination in violation of public policy depends on the public policy underpinning the FEHA. Defendants argue that because Plaintiff's second claim for discrimination in violation of the FEHA fails, Plaintiff's fifth claim for wrongful termination in violation of public policy also fails. As described in Section 3, Plaintiff's second claim does not fail. Thus, Plaintiff's fifth claim also does not fail. The Court DENIES the Motion as to Plaintiff's fifth claim.

### 5. PLAINTIFF'S SEVENTH CLAIM FOR VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

Defendants argue that the UCRA does not cover Plaintiff's relationship with Defendants. The parties agree that the UCRA does not cover employees. But in this case, Plaintiff alleges that he is an independent contractor rather than an employee. The parties disagree about whether the UCRA covers independent contractors.

In *Payne*, the California Court of Appeal found that an independent contractor can bring a claim under the UCRA. It explained:

> Payne alleged . . . that Anaheim Memorial operates the hospital as a business, and makes its facilities available to physicians . . . . He further alleges that Anaheim Memorial breached the provisions of the act when it failed to address racist conduct which impaired the access of minority physicians and patients to that facility. We think those allegations, if proven, are sufficient to state a claim.

*Payne v. Anaheim Memorial Medical Center, Inc.*, 130 Cal. App. 4th 729, 746 (Cal. Ct. App. 2005). Defendants ask the Court to interpret *Payne* narrowly. But this request ignores the "requirement that the UCRA be liberally construed." *Id.* The Court DENIES the Motion as to Plaintiff's seventh claim for violation of the UCRA.

**DISPOSITION**

The Court DENIES the Motion. Defendants may file a separate motion to dismiss the claims against Crouch.

IT IS SO ORDERED.

DATED: May 18, 2009

_____
Andrew J. Guilford
United States District Judge